# SUPERIOR COURT OF BALTI- MORE CITY.

Filed September 24, 1924.

HERBERT R. O'CONOR, STATE'S ATTORNEY FOR THE CITY OF BALTIMORE, PLAINTIFF, VS. THE MAYOR AND CITY COUNCIL OF BALTIMORE, A CORPORA- TION, DEFENDANT.

*Assistant Attorney-General Herbert Levy* for plaintiff.

*City Solicitor Philip B. Perlman* and *Assistants W. Herdman Schwatka* and *Allan Cleaveland* for defendant.

FRANK, J.—

The present action was brought by the State's Attorney for this City against the City to recover certain appearance fees due for the prosecution of certain cases in the Criminal Court of Baltimore City. The liability of the city for these fees was determined by Judge Duffy on March 18, 1919, in an action brought by William F. Broening, then State's Attorney for Baltimore City, against the Mayor and City Council of Baltimore. By agreement, this action was made to abide by the result of the case of Mayor and City Council vs. Pattison, 136 Md. 64; and as the decision in that case was against the city, Judge Duffy's decision in the Broening case became final and conclusive.

The city defends the present action by relying on the provisions of Chapter 576 of the Acts of 1924, adding a new section to Article 4 of the Code of Public Local Laws, as follows:

"351-A. The Treasurer of the State is hereby directed to credit to one account all sums of money which may be received by him in pursuance of Section 1 of Article XV of the Constitution, from all of the officers connected with the administration of justice in Baltimore City, viz: Clerks of Courts, Sheriff, State's Attorney and Register of Wills; and is hereby directed to pay out of the money in his hands from time to time to the credit of said account, whatever sums may be necessary to meet any deficiency or deficiencies between the amount of fees collected by any one or more of said officers and the amount of the salaries and other expenses authorized by law of such officer or officers. The amounts expended for salaries and other expenses shall be subject to the approval of the Comptroller. The Comptroller of the State shall, from time to time, draw warrants upon the State Treasurer, payable out of the monies in the hands of said Treasurer to the credit of said account, for the payment of any such deficiency or deficiencies to any one or more of said officers, not at any time to exceed the amount to the credit of said account. In the event that the amount due to the credit of said account should not be sufficient at the end of any year

to meet the deficiency or deficiencies of any one or more of said officers, the additional sum necessary to meet such deficiency or deficiencies shall be paid by the Mayor and City Council of Baltimore to such officer or officers; and, except as provided in this section, the Mayor and City Council of Baltimore shall not be liable for any of the salaries or expenses of any of said officers, and shall not be liable for the fees or costs of any of said officers, except in cases where said Mayor and City Council of Baltimore is a party litigant, and is chargeable therefor as such party litigant. In the event that the amount to the credit of said account shall be more than sufficient to meet said deficiency or deficiencies, then the excess to the credit of said account shall be a part of the general revenue of the State available to meet the appropriations in the State budget."

This act, if constitutional, is concededly a complete answer to the plaintiff's claim in this case, because it postpones any liability of the city to the exhaustion of all of the fees of the various "Court House offices" and no allegation of such exhaustion is or can be made.

The aforegoing statement sets forth the substantial effect of the allegations of the third (now only) count of the declaration and the demurrer thereto, it having been stipulated and agreed by the parties to this proceeding "that all technical errors and irregularities in the pleadings * * * are hereby waived to the end that the only question intended to be raised by these proceedings, viz: the constitutionality vel non of Chapter 576 of the Acts of 1924 may be submitted to the Court for determination."

Four different grounds of unconstitutionality of the Act of 1924 have been advanced by the plaintiff and were discussed at the hearing. In the view I have taken of this case, it becomes necessary to discuss only one of these. This, as stated by the plaintiff, is as follows:

"Chapter 576 of the Acts of 1924 makes the office of State's Attorney for Baltimore City a salaried office in violation of the express provision of Section 9 of Article V of the Constitution. under which all of the salaries of said office are required to be paid out of the fees thereof."

Section 9 of Article V of the Constitution of Maryland now reads as follows:

"The State's Attorney shall perform such duties and receive such fees and commissions *or salary*, not exceeding three thousand dollars, as are now or may hereafter be prescribed by law; and if any State's Attorney shall receive any other fee or reward than such as is or may be allowed by law, he shall, on conviction thereof, be removed from office; provided, that the State's Attorney for Baltimore City shall receive an annual salary of fifty-four hundred dollars, and shall appoint one deputy at an annual salary not exceeding four thousand dollars, and such other assistants at such annual salaries not exceeding twenty-five hundred dollars each, as the Supreme Bench of Baltimore City may authorize and approve; *all of said salaries to be paid out of the fees of the said State's Attorney's office, as has heretofore been practiced.*" (Italics mine).

The State's Attorneys for the several counties shall receive fees and commissions or salary." The salaries of the State's Attorney for Baltimore City and his deputy and assistants are "to be paid out of the fees of the said State's Attorney's office, as has heretofore been practiced."

From this marked distinction in language it is argued on behalf of the plaintiff that the Constitution contemplated that the County State's Attorneys might be salaried officers, but that the cost of maintaining Baltimore City's State's Attorney's office was intended at all events to be limited by the amount of fees earned by it. Within these limits, the expenditures might be regulated by Acts of the General Assembly or otherwise. Beyond these limits, these expenditures could not be extended without violating the Constitutional prohibition.

From time immemorial, the great bulk of the fees of the State's Attorney's office have been paid by Baltimore City, having been so paid in two classes of cases: (a) Where the traversers are acquitted, these fees are payable by the City by statutory requirements; (b) Where the traversers are convicted but collection cannot be made from them, these fees are payable by the City under the common

law, as held in the case of Broening vs. M. & C. C. supra.

For the fiscal year ending September 30, 1923, the fees of the State's Attorney's office aggregated approximately $40,000, of which amount $4,000 represented appearance fees collected from convicted traversers and the remaining $36,000 were fees paid by the City of Baltimore under the provisions of law above referred to. (Annual Report of Comptroller, Fiscal year ended September 30, 1923, page 52).

The effect of the Act of 1924, Ch. 576 is thus to relieve the City from the necessity of paying any of these fees, at least until after the surplus fees of the other offices enumerated in the Act have been exhausted. The basis of support of the State's Attorney's office is thus changed from the fees prescribed by law to be paid to the State's Attorney (except for the relatively small amount collected from convicted traversers) to a salary basis guaranteed first by the surplus revenues of all of the other "Court House offices," and then by the absolute liability of Baltimore City. For the year ending December 31st, 1922, the surplus revenues of these offices amounted to approximately $125,000 (Annual Report of Comptroller of the Treasury, Fiscal year ended September 30, 1923, at pages 37, 41, 42, 47, 52). It will thus be seen that this guarantee is substantially a complete one and that the contingent obligation of Baltimore City becomes quite remote. That for practical purposes, the State's Attorney's office, instead of being dependent for its suport upon, and limited by, the fees received by that office, will depend on such fees only to the extent of 10% of its expenses, and that the remaining 90% thereof will be payable out of the surplus revenues of the other State offices and, if these should for any reason be inadequate, the City of Baltimore must "meet the deficiencies" not by payment of any fees, but as an absolute obligation entirely independently of any fees earned or unearned by the State's Attorney. (Act of 1924, ch. 576).

What then becomes of the requirement of Sec. 9 of Article V of the Constitution—"All of said salaries to be paid out of the fees of the said State's Attorney's office, as has heretofore been practiced." Does not the Act of 1924 attempt in effect to abrogate this constitutional requirement?

The City contends, however, that the State's Attorney will remain a fee officer and will continue in the future, as in the past, to collect fees from defendants who are assessed with costs. To the extent that these fees will pay the salaries and expenses of the office they will be applied to that purpose. The inevitable deficiency is to be paid out of the surplus fees of other State offices.

The fees paid by convicted traversers are of course fees of the State's Attorney's office, within the constitutional meaning. I cannot see by what process of reasoning the surplus fees of other State offices can be so regarded. The result, therefore, is that the Act of 1924 will convert the State's Attorney's office from one supported "out of the fees" of that office to one supported to the extent of approximately 10% of its expenses by such fees and as to the remaining 90% by a fund provided by other State offices and by Baltimore City, having no relation to the fees of that office. This, it seems to me, to be in direct contravention of the constitutional provision.

I regret much to reach this conclusion. I am most reluctant to hold unconstitutional an Act of the General Assembly of Maryland, especially where, as in this case, I recognize the eminent fairness and justice of the provisions of the Act under discussion.

The conclusion thus reached renders it unnecessary to consider the other grounds of constitutional objection to the Act of 1924, ch. 576, which were raised in the argument, and I rest my decision solely upon the ground that this Act is in contravention of Section 9 of Article V of the Constitution of Maryland, and therefore, void, at least insofar as it relates to the office of State's Attorney for Baltimore City.

It is interesting to note that by the provisions of a proposed constitutional amendment to be submitted to the voters at the coming election in November, the salaries of the State's Attorney's office of Baltimore City "shall be paid by the Mayor and City Council of Baltimore to the extent that the total of them exceeds the fees of his office, or as the General Assembly shall otherwise provide, and the Mayor and

City Council of Baltimore shall not be liable for appearance fees to the State's Attorney." This Amendment, if adopted, will make this office a salaried one and remove the existing constitutional limitation of its receipts to the fees earned by it. (Acts of 1924, ch. 177).

The demurrer to the third and only count of the declaration will be overruled with leave to plead over in fifteen days, if desired.